UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WIN INSURANCE SERVICES. LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-09-CV-789-XR |
| | § | |
| KEVIN KAUFMAN, | § | |
| | § | |
| *Defendant(s)*. | § | |

**ORDER**

On this date, the Court considered Plaintiff's Motion for Default Judgment filed August 10, 2010 (Docket No. 13). After consideration of the motion, record, and applicable law, the Court **GRANTS** Plaintiff's motion for default judgment.

**Background**

Defendant Kevin Kaufman and Brooke Credit Corporation (BCC) executed a promissory note on August 30, 2005 in which BCC agreed to loan Defendant $125,000.00 (Original Loan). On February 28, 2007, BCC agreed to refinance the Original Loan and executed a promissory note with Defendant in the amount of $213,541.32 plus interest (Loan). Kaufman defaulted on the note by failing to make payments on an outstanding balance of $202,587.41.

BCC assigned the Loan to Brooke Credit Funding (BCF). BCF pledged the Loan to its lenders as security. BCF defaulted on its obligation to senior secured creditor DZ Bank AG Deutsche Zentral-Genossenschaftsbank (DZ Bank). DZ Bank, BFC, and BCC entered into a Surrender of Collateral, Consent to Strict Foreclosure, and Release and Acknowledgment Agreement on October 30, 2008. DZ Bank and BCF also entered into an Omnibus Assignment Agreement, confirming that

1

DZ Bank has full ownership of BCF's rights as BCC's assignee of the Loan. DZ Bank then sold all of its rights, title, and interest in the Loan and the Personal Guaranty to WIN Insurance Services, LLC.

WIN is now the owner and holder of the Loan. WIN alleges breach of contract because Kaufman has failed to pay his debt in accordance with the promissory note. WIN initiated this suit to recover a total of $202,587.41 plus attorneys' fees, costs, and interest.

**Procedural History**

Plaintiff filed this lawsuit on September 28, 2009.[1] On January 29, 2010, after 120 days had elapsed from the time of filing, the Court ordered Plaintiff to show cause for its failure to diligently serve Defendant.[2] On February 12, 2010, Plaintiff sought, and the Court granted, an extension of time for Plaintiff to serve Defendant.[3] The summons was personally served on Defendant on March 3, 2010, and his answer was due on March 24, 2010.[4] On May 7, 2010, after a 60 day period of inactivity, the Court ordered Plaintiff to apprise the Court of the status of the case no later than May 21, 2010.[5] Plaintiff responded beyond the deadline and on May 25, 2010, moved for entry of default.[6] The Clerk entered default of the Defendant the following day.[7]

---

[1]Pl's Compl., Sep. 28, 2009 (Docket Entry No. 1).

[2]Show Cause Ord., Jan. 29, 2010 (Docket Entry No. 3).

[3]Def.'s Response to Show Cause Ord., Feb. 12, 2010 (Docket Entry No. 4) and Ord. Granting Mot. To Enlarge Time to Serve, Feb. 12, 2010 (Docket Entry No. 5).

[4]Executed Summons, Mar. 3, 2010 (Docket Entry No. 7).

[5]Order, May 7, 2010 (Docket Entry No. 8).

[6]Pl's Mot. For Entry of Default, May 25, 2010 (Docket Entry No. 9).

[7]Clerk's Entry of Default, May 26, 2010 (Docket Entry No. 11.)

**Legal Standard**

WIN seeks a default judgment against Kaufman pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure because Kaufman has failed to respond or otherwise defend against WIN's allegations. The Court must accept pleaded facts as true, but retains the obligation to determine whether those facts state a claim upon which relief may be granted. *See Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001) (upholding district court's entry of default judgment because, even if true, the Plaintiff's allegations would not support imposing liability against the Defendants); *see also Marshall v. Baggett*, 2010WL3220356 at *2 (8th Cir. 2010). Thus, even if a defendant is technically in default, a plaintiff is not entitled to a default judgment as a matter of right. *Lewis*, 236 F.3d at 767. In determining whether to grant a default judgment, relevant factors include:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). A court may conduct a hearing to effectuate judgment, to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. FED. R. CIV. P. 55(b). A hearing is not necessary, however, if the court finds within its discretion that it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

**Analysis**

In its complaint, WIN alleges that Kaufman has failed to make payments on an outstanding balance due under a promissory note owned by WIN.[8] To prove these allegations, WIN has attached a number of documents to its Motion for Default Judgment. WIN has provided a copy of the promissory note executed between Kaufman and BCC on February 28, 2007 for a loan in the amount of $213,541.32, which allows for the note to be assigned.[9] The promissory note further allows for the recovery of attorney's fees, costs, and expenses in the event of a breach by Kaufman.[10] WIN has also provided documentation executed between Kaufman and BCC to demonstrate that it has ownership of the promissory note.[11]

To prove its entitlement to monetary damages under the promissory note, WIN has attached an affidavit from its president, Rick Moore, who states that the total balance due under the promissory note consists of a principal balance of $202,587.41 and an interest balance of $26,392.40 for a total balance amount of $228,979.81.[12] WIN also provides an affidavit from Mark W. Stout, the attorney handling this case, who claims that his client should be awarded $1,000.00 in reasonable attorney's fees and costs.[13]

---

[8] Pl's Compl. at 2-3.

[9] Written Loan Agreement, Loan No. 5851, Terms and Conditions #12. ( Ex. 1 to Pl's Mot. For Default J., Aug 10, 2010 (Docket Entry No. 13)).

[10] *Id.*, Terms and Conditions #16.

[11] Surrender of Collateral, Consent to Strict Foreclosure, Release and Acknowledgment Agreement; Omnibus Assignment Confirmation (Ex. 2 and 3 to Pl's Mot. For Default J.)

[12] Aff. of Rick Moore, May 25, 2010 (Ex. C to Pl's Mot. For Default J.)

[13] Aff. of Mark W. Stout, Aug. 10, 2010 (Ex. D to Pl's Mot. For Default J.)

Based on the detailed affidavits and documentary evidence provided, this Court finds that no material issue of fact exists. WIN has sufficiently established that it is entitled to the outstanding balance on the promissory note that Kaufman signed and from which he received a benefit. Kaufman was personally served with WIN's complaint and with a summons on February 9, 2010. There is no indication of good faith mistake or excusable neglect justifying his failure to respond or otherwise defend against WIN's allegation in the seven months subsequent to being served. Awarding damages in the amount of $229,979.81 is not unduly harsh on Kaufman because he should be expected to pay back the outstanding principal, interest, and attorney's costs and fees as provided in the promissory note. This Court finds that WIN has established the grounds for default judgment and its entitlement to relief.

## Conclusion

Having considered Plaintiff's motion and the entire record, the Court hereby GRANTS Plaintiff's motion for default judgment. It is therefore, ORDERED, ADJUDGED, AND DECREED that Plaintiff WIN Insurance Service, LLC have and recover from Defendant Kevin Kaufman an amount of TWO HUNDRED TWENTY-NINE THOUSAND NINE HUNDRED SEVENTY-NINE DOLLARS AND EIGHTY-ONE CENTS ($229,979.81).

It is so ORDERED.

SIGNED this 30th day of September, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE